**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

FILED
IN OPEN COURT

DEC 1 1 2025

CLERK U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MALACHI MORGAN THOMAS,<br><br>*Defendant.* | Case No. 1:25-CR-327<br><br><u>Counts 1-13</u>: 18 U.S.C. § 2251(a) and (e)<br>Sexual Exploitation of Children<br><br><u>Count 14</u>: 18 U.S.C. § 2422(b)<br>Coercion and Enticement of a Minor<br><br><u>Count 15</u>: 18 U.S.C. § 2252(a)(4)(B) and (b)(2)<br>Possession of a Visual Depiction Involving the<br>Use of a Minor Engaging in Sexually Explicit<br>Conduct<br><br><u>Forfeiture Notice</u> |

<u>**INDICTMENT**</u>

December 2025 Term—at Alexandria, Virginia

**COUNT ONE**
**(Sexual Exploitation of Children)**

THE GRAND JURY CHARGES THAT:

Between on or about March 25, 2020 and on or about September 10, 2020, in the Eastern District of Virginia and elsewhere, the defendant, MALACHI MORGAN THOMAS, did attempt to and did employ, use, persuade, induce, entice, and coerce a minor, MV1, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using a means or facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed, and such

1

visual depiction had actually been transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

(All in violation of Title 18, U.S. Code, Section 2251(a) and (e).)

## COUNT TWO
### (Sexual Exploitation of Children)

THE GRAND JURY FURTHER CHARGES THAT:

Between on or about April 9, 2020, and on or about July 9, 2020, in the Eastern District of Virginia and elsewhere, the defendant, MALACHI MORGAN THOMAS, did attempt to and did employ, use, persuade, induce, entice, and coerce a minor, MV2, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using a means or facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed, and such visual depiction had actually been transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

(All in violation of Title 18, U.S. Code, Section 2251(a) and (e).)

3

## COUNT THREE
### (Sexual Exploitation of Children)

THE GRAND JURY FURTHER CHARGES THAT:

Between on or about May 13, 2020, and on or about September 29, 2020, in the Eastern District of Virginia and elsewhere, the defendant, MALACHI MORGAN THOMAS, did attempt to and did employ, use, persuade, induce, entice, and coerce a minor, MV3, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using a means or facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed, and such visual depiction had actually been transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

(All in violation of Title 18, U.S. Code, Section 2251(a) and (e).)

4

## COUNT FOUR
### (Sexual Exploitation of Children)

THE GRAND JURY FURTHER CHARGES THAT:

Between on or about July 3, 2020, and on or about September 29, 2020, in the Eastern District of Virginia and elsewhere, the defendant, MALACHI MORGAN THOMAS, did attempt to and did employ, use, persuade, induce, entice, and coerce a minor, MV4, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using a means or facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed, and such visual depiction had actually been transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

(All in violation of Title 18, U.S. Code, Section 2251(a) and (e).)

## COUNT FIVE
### (Sexual Exploitation of Children)

THE GRAND JURY FURTHER CHARGES THAT:

Between on or about May 18, 2020, and on or about August 19, 2020, in the Eastern District of Virginia and elsewhere, the defendant, MALACHI MORGAN THOMAS, did attempt to and did employ, use, persuade, induce, entice, and coerce a minor, MV5, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using a means or facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed, and such visual depiction had actually been transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

(All in violation of Title 18, U.S. Code, Section 2251(a) and (e).)

6

## COUNT SIX
### (Sexual Exploitation of Children)

THE GRAND JURY FURTHER CHARGES THAT:

Between on or about March 25, 2020, and on or about August 24, 2020, in the Eastern District of Virginia and elsewhere, the defendant, MALACHI MORGAN THOMAS, did attempt to and did employ, use, persuade, induce, entice, and coerce a minor, MV6, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using a means or facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed, and such visual depiction had actually been transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

(All in violation of Title 18, U.S. Code, Section 2251(a) and (e).)

7

**COUNT SEVEN**
**(Sexual Exploitation of Children)**

THE GRAND JURY FURTHER CHARGES THAT:

Between on or about June 9, 2020, and on or about July 21, 2020, in the Eastern District of Virginia and elsewhere, the defendant, MALACHI MORGAN THOMAS, did attempt to and did employ, use, persuade, induce, entice, and coerce a minor, MV7, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using a means or facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed, and such visual depiction had actually been transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

(All in violation of Title 18, U.S. Code, Section 2251(a) and (e).)

8

## COUNT EIGHT
### (Sexual Exploitation of Children)

THE GRAND JURY FURTHER CHARGES THAT:

Between on or about July 27, 2020, and on or about September 12, 2020, in the Eastern District of Virginia and elsewhere, the defendant, MALACHI MORGAN THOMAS, did attempt to and did employ, use, persuade, induce, entice, and coerce a minor, MV8, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using a means or facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed, and such visual depiction had actually been transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

(All in violation of Title 18, U.S. Code, Section 2251(a) and (e).)

9

## COUNT NINE
### (Sexual Exploitation of Children)

THE GRAND JURY FURTHER CHARGES THAT:

Between on or about May 30, 2020, and on or about August 14, 2020, in the Eastern District of Virginia and elsewhere, the defendant, MALACHI MORGAN THOMAS, did attempt to and did employ, use, persuade, induce, entice, and coerce a minor, MV9, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using a means or facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed, and such visual depiction had actually been transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

(All in violation of Title 18, U.S. Code, Section 2251(a) and (e).)

## COUNT TEN
### (Sexual Exploitation of Children)

THE GRAND JURY FURTHER CHARGES THAT:

Between on or about May 28, 2020, and on or about June 3, 2020, in the Eastern District of Virginia and elsewhere, the defendant, MALACHI MORGAN THOMAS, did attempt to and did employ, use, persuade, induce, entice, and coerce a minor, MV10, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using a means or facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed, and such visual depiction had actually been transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

(All in violation of Title 18, U.S. Code, Section 2251(a) and (e).)

11

## COUNT ELEVEN
### (Sexual Exploitation of Children)

THE GRAND JURY FURTHER CHARGES THAT:

Between on or about June 14, 2020, and on or about September 12, 2020, in the Eastern District of Virginia and elsewhere, the defendant, MALACHI MORGAN THOMAS, did attempt to and did employ, use, persuade, induce, entice, and coerce a minor, MV11, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using a means or facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed, and such visual depiction had actually been transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

(All in violation of Title 18, U.S. Code, Section 2251(a) and (e).)

## COUNT TWELVE
### (Sexual Exploitation of Children)

THE GRAND JURY FURTHER CHARGES THAT:

Between on or about August 16, 2020, and on or about September 12, 2020, in the Eastern District of Virginia and elsewhere, the defendant, MALACHI MORGAN THOMAS, did attempt to and did employ, use, persuade, induce, entice, and coerce a minor, MV12, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using a means or facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed, and such visual depiction had actually been transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

(All in violation of Title 18, U.S. Code, Section 2251(a) and (e).)

13

**COUNT THIRTEEN**
**(Sexual Exploitation of Children)**

THE GRAND JURY FURTHER CHARGES THAT:

Between on or about June 9, 2020, and on or about September 29, 2020, in the Eastern District of Virginia and elsewhere, the defendant, MALACHI MORGAN THOMAS, did attempt to and did employ, use, persuade, induce, entice, and coerce a minor, MV13, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using a means or facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed, and such visual depiction had actually been transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

(All in violation of Title 18, U.S. Code, Section 2251(a) and (e).)

14

## COUNT FOURTEEN
### (Coercion and Enticement of a Minor)

THE GRAND JURY FURTHER CHARGES THAT:

Between on or about March 1, 2020, and on or about October 1, 2020, in the Eastern District of Virginia and elsewhere, the defendant, MALACHI MORGAN THOMAS, using a facility and means of interstate and foreign commerce, did knowingly persuade, induce, entice, and coerce and did knowingly attempt to persuade, induce, entice, and coerce any individual who had not attained the age of 18 years, to engage in any sexual activity for which any person can be charged with a criminal offense, including Code of Virginia Sections 18.2-370 (taking indecent liberties with children), 18.2-374.1 (production of child pornography), and 18.2-374.3 (use of a communications systems to facilitate certain offenses involving children).

(All in violation of Title 18, U.S. Code, Section 2422(b).)

15

**COUNT FIFTEEN**
**(Possession of a Visual Depiction Involving the**
**Use of a Minor Engaging in Sexually Explicit Conduct)**

THE GRAND JURY FURTHER CHARGES THAT:

Between on or about March 25, 2020 and on or about October 1, 2020, within the Eastern District of Virginia, the defendant, MALACHI MORGAN THOMAS, attempted to and did knowingly possess at least one matter containing a visual depiction that had been transported using a means and facility of interstate and foreign commerce, in and affecting interstate and foreign commerce, and which visual depiction was produced using materials which had been mailed and so shipped and transported, by a means including by computer; and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and such visual depiction was of such conduct, to wit: sexually explicit videos and images of minors stored on a Samsung SM-J337T cell phone (IMEI 310260149626792) and an LG LM-K500UUM cell phone (IMEI 354547111628592).

(All in violation of Title 18, U.S. Code, Section 2252(a)(4)(B) and (b)(2).)

16

**FORFEITURE NOTICE**

The defendant, MALACHI MORGAN THOMAS, is hereby notified, pursuant to Federal Rule of Criminal Procedure 32.2(a), that upon conviction of Counts One through Thirteen and Fifteen of this Indictment, he shall forfeit to the United States: (1) any visual depiction described in 18 U.S.C. §§ 2251, 2251A, 2252, 2252A, 2252B, or 2260, and any matter that contains any such visual depiction, which was produced, transported, mailed, shipped, and received in violation of this chapter; (2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and (3) any property, real or personal, used or intended to be used to commit or to promote the commission of the offense, and any property traceable to such property.

The defendant, MALACHI MORGAN THOMAS, is hereby notified, pursuant to Federal Rule of Criminal Procedure 32.2(a), that upon conviction of Count Fourteen of the Indictment, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2428(a): (1) the defendant's interest in any property, real or personal, constituting or derived from any proceeds he obtained, directly or indirectly, as a result of such violation; and (2) the defendant's interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violation.

The property subject to forfeiture includes, but is not limited to:

(1)     Samsung SM-J337T cell phone (IMEI 310260149626792); and

(2)     LG LM-K500UUM cell phone (IMEI 354547111628592).

If any property subject to forfeiture is unavailable, the United States may seek an order forfeiting substitute assets pursuant to Title 21, U.S. Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e).

17

(All in accordance with Title 18, United States Code, Sections 2253 and 2428(a); Title 21, United States Code, Section 853(p); and Fed. R. Crim. P. 32.2.)

A TRUE BILL

FOREPERSON

Pursuant to the E-Government Act,
The original of this page has been filed
under seal in the Clerk's Office

LINDSEY HALLIGAN
** UNITED STATES ATTORNEY AND
SPECIAL ATTORNEY

TODD W. BLANCHE
DEPUTY ATTORNEY GENERAL

ROBERT K. MCBRIDE
FIRST ASSISTANT UNITED STATES ATTORNEY

By:  *Lauren Halper*
Lauren Halper
Assistant United States Attorney

AND

Alicia A. Bove
Trial Attorney
Department of Justice
Child Exploitation and Obscenity Section

** But see Order, ECF No. 213, USA v. Comey,
1:25-cr-00272 (E.D. Va. Nov. 24, 2025)
and,
Order, ECF No. 140, USA v. James, 2:25-cr-00122
(E.D. Va. Nov. 24, 2025)

18