# EXHIBIT 20

# Fairfax County Sheriff's Office

## Notification of Formal Hearing

To: Thomas Malachi Morgan

Inmate #: 2100319 Date: 08/30/24

This is to notify you that the following charges have been placed against you by: PFC Smith

| | Offense # | Offense Charged |
|---|---|---|
| 1. | 142 | Making False Statement |
| 2. | 123 | Destruction of or Defacing State or County Property |
| 3. | 100 | Habitual Offender |
| 4. | | |
| 5. | | |

The Hearing will be held on the next available date.

Inmate received a copy of this notification. Yes ☑ No ☐
Inmate received a copy of the incident report. Yes ☑ No ☐

If NO, why: N/A

**You have the following Rights:**

1. To be present at the hearing.
2. To a waiting period of 24 hours prior to your hearing.
   ☐ I wish to waive this right and be heard at the earliest hearing date.
3. To have the hearing conducted within 7 calendar days.
4. To have voluntary witnesses (inmate or staff) present testimony. I request to call the following witnesses:
   1. Name: N/A I/M #: N/A Cell: N/A
   2. Name: N/A I/M #: N/A Cell: N/A

   Additional witnesses will only be called at the discretion of the Hearing Officer.
5. To have an **inmate** or **staff member** assist you with your defense. (Participation is Voluntary)
   Name of Assistant: N/A

Inmate's Signature: X Refused

Deputy's Signature: Sgt. [signature] 774

Date: 8/30/24 Time: 1740 of service.

**FAIRFAX COUNTY OFFICE OF THE SHERIFF**
**CLASSIFICATION/RECORDS BRANCH**
**NOTIFICATION OF INSTITUTIONAL CLASSIFICATION COMMITTEE DISPOSITION**

**TO:** **Thomas, Malachi** ADC# 2100319 Date: 05/09/2024

**FROM:** Captain T. Roberts
Chief, Classification and Records Branch

**A formal ICC Hearing was held to determine your appropriate custody and housing status.**

**Reasons for recommendation:**

The hearing will be conducted for the following reasons: To determine appropriate housing and suitable restrictions for Inmate Thomas, Malachi (2100319). On October 10, 2020, Inmate Thomas was remanded to the custody of the Fairfax County Sheriff's Office with multiple criminal charges of Intercourse with Victim by Force or Intimidation, and three (3) counts of Forcible Sodomy, By Force, Threat, Etc., Victim Age 13+.

An investigation was initiated pertaining to Inmate Thomas' actions while incarcerated in the ADC as a registered sex offender, which includes inappropriate communication with juveniles, was determined to be in violation of Virginia Criminal Code. Inmate Thomas was temporarily moved to DT-3 pending investigation to prevent any potential future violation of law. After an investigator interviewed Inmate Thomas, he was permitted to return to general population. However, within days of his return to general population, it was discovered Inmate Thomas continued to contact an alleged juvenile victim. Inmate Thomas was then relocated to Administrative Housing and was not permitted to attend programs, recreation, or utilize electronic/telephonic communications pending a Formal ICC Hearing. Inmate Thomas was required to notify the post deputy to facilitate any telephonic communication with his attorney. A Formal ICC Hearing was conducted on March 9, 2022, resulting in the continuation of Administrative Housing with privileges of programs, recreation, and utilize electronic/telephonic communications suspended. He maintained the ability to utilize the inmate kiosk and tablets, but in a restricted capacity of applications for e-messages, photos, and video visitation disabled.

On April 12, 2022, Inmate Thomas submitted a request to classification seeking a new Formal ICC Hearing to have his electronic/telephonic communications restored. Since being placed in Administrative Housing with phone restrictions, Inmate Thomas was discovered to have utilized an inmate in a neighboring housing unit to place phone calls on his behalf.

A Formal ICC Hearing was conducted on May 5, 2022, at the request of Inmate Thomas. This hearing resulted in the continuation of Administrative Housing. The privilege of recreational attendance in a solo capacity was restored to Inmate Thomas, all other restrictions remained unchanged. The results of the criminal investigation into his actions while committed to the ADC were presented to the Office of the Commonwealth's Attorney and were awaiting a decision on prosecution as of this hearing.

On May 18, 2022, Inmate Thomas was placed on Restricted Issue after a message to his family expressing his intention to commit suicide was brought to the attention of staff (report 380655). On May 19, 2022, Inmate Thomas was indicted on two (2) counts of 18.2-370(A) Taking Indecent Liberties with a Child Under the Age of (15) Fifteen. These charges are derived from the investigation.

On May 23, 2022, Inmate Thomas submitted a request to have an additional Formal ICC Hearing with the goal of having his electronic communications restored. The subsequent Formal ICC Hearing conducted on June 14, 2022, resulted in Inmate Thomas remaining in Administrative Housing with restoration of limited personal phone privileges restored. Specifically, Inmate Thomas was permitted to conduct one (1) personal.

telephone call every ten (10) business days. Inmate Thomas is responsible for submitting a request to Classification to schedule this call. He is required to submit name and phone number of the person he wishes to call on the request. Classification will make arrangements to facilitate the phone call and document the phone usage. Any attempt to manipulate the conditions of the phone privileges will result in the discontinuation of such privilege.

On June 21, 2022, Inmate Thomas requested a Formal ICC Hearing with the goal of his phone privileges being restored in full. A review of his file since the previous Formal ICC Hearing revealed the following. On June 16, 2022, Inmate Thomas was observed slipping a note under a cell door to another inmate housed in 1C. The note included information on committing criminal fraud and possible suicidal comments (report 382748). On June 29, 2022, Inmate Thomas completed his second scheduled personal telephone call. However, Inmate Thomas completed three consecutive phone calls to his mother, in which he also spoke with his grandmother and brother (report 383213). This action was determined to be a violation of the restrictions set forth by ICC and caused a suspension of such privilege until his next Formal ICC Hearing. On July 6, 2022, Inmate Thomas stated to PFC Hanlon, "what would you do if I went crazy and charged you?" On July 7, 2022, Inmate Thomas had another inmate housed in 1C place two (2) telephone calls on his behalf, neither of which were successful (report 383505). On July 10, 2022, Inmate Thomas was observed announcing the criminal charges of another inmate housed in 1C and proceeded to call this inmate a "bitch" and stated he would "fuck his sister." These actions required the post deputies to relocate Inmate Thomas to a different cell within 1C (report 383619). On July 12, 2022, Inmate Thomas was scheduled to move from 1C after being cleared by Behavioral Health. Inmate Thomas refused to move from his cell in 1C (report 383708). The following day, July 13, 2022, Inmate Thomas was again scheduled to move from 1C. Upon arrival to B-03, Inmate Thomas made suicidal statements and was relocated to R-41 under restricted issue status (report 373708). On July 16, 2022, Inmate Thomas was placed in the restraint chair after post deputies discovered him to be in the beginning stages of a suicide attempt (report 373858). Inmate Thomas has written numerous request forms to Classification expressing his intent on taking his own life, all of which were submitted to Behavioral Health.

On July 20, 2022, a Formal ICC Hearing was conducted at the request of Inmate Thomas to review his Administrative Housing and restrictions. The hearing resulted in the continuation of Administrative Housing with no changes made to restrictions or privileges. Inmate Thomas has since requested an additional Formal ICC Hearing in order to restore his privileges. Since the most recent Formal ICC Hearing, a file review has revealed the following information. On August 6, 2022, an entry was made into the Observation Logs belonging to Inmate Thomas expressing his threats to flood his cell. He was placed on a water-log as a result. On August 13, 2022, Inmate Thomas was charged with rule violations of Refusing to Obey a Direct Order, Sexual Misconduct, Threats of Bodily Harm to Staff, Kicking or Banging Windows, Walls or Doors, and Curse and Abuse (report 385822). Inmate Thomas was found guilty of each charge and sentenced to twenty-nine (29) days of Disciplinary Housing with eight (8) days suspended for a period of thirty (30) days. On August 29, 2022, Inmate Thomas ingested seven (7) trazadone pills and (2) two abilifi pills he hoarded in an attempt of self-harm (report 388394). He was transported to the hospital, medically cleared, and returned to the ADC.

On September 6, 2022, Inmate Thomas was charged with rule violations of Kicking or Banging Windows, Walls or Doors, and Intentionally Using any Body Fluid in such a way to Create a Biohazard Threat (report 2100319). He received nine days of Disciplinary Housing time; eight days were imposed from the previous time suspended on 8/17/2022 (report 385822). The Observation Log entries from the post deputy regarding Inmate Thomas reads as follows:

9/2- Made statements about jumping off the sink if he didn't move to another cell; he was placed in the restraint chair.
9/5- He stated he would flood his cell if he were not removed from R/I status. He was placed on a waterlog.
9/6- He was agitated about R/I status and covered his cell window with toilet paper.
9/6- Observed banging on the cell door. The inmate had a string and refused to give it to the post deputy. The inmate was placed in handcuffs, the string was flushed down the toilet, and he was issued a new smock.
9/6- Inmate urinated on a food tray and dumped it on the cell floor.
9/8- Inmate placed on Disciplinary Housing.
9/13- R/I was removed per Behavioral Health.

On November 8, 2022, Inmate Thomas was charged with #101 Refusing to Obey a Direct Order, #112, Inciting a Riot or Disturbance by Words or Acts, #118 Threatening Bodily Harm or Another Inmate, an Employee or Visitor, & #204 Unauthorized Communication or Contact with Another Inmate or the Public. Inmate Thomas was found guilty of charges #101 and #204, for which he received six (6) days of Disciplinary Housing (Report # 393872). As a result of multiple rule violations, Inmate Thomas's phone privileges were modified; Inmate Thomas circumvented the sanctions by having other inmates place the calls on his behalf and asking for the phone after his phone privileges were limited. Inmate Thomas submitted a SMART Communication to 2nd Lt. Spindle on November 22, 2022, stating in quotes," I'm letting Classification know this now. "I'm using the phone on Thanksgiving and during the holidays. No matter what." Inmate Thomas has no regard for the sanctions imposed by the ICC Hearing Committee.

On November 24, 2022, Inmate Thomas was charged with #101 Refusing to Obey a Direct Order, #117(b) Theft/Misuse of Unique Inmate Identifies, #142 Making a False Statement, #117 (c) Making and or Participating in a Three-Way Call While Using the Phone System, for which he was found guilty of all charges and given 15 days for each charge with five (5) days suspended for 30 days (Report #394633). Additionally, Inmate Thomas was charged with #132 Intentional Cell Flooding, for which he was found guilty and received 15 days of Disciplinary Housing with seven (7) days suspended for 30 days (Report #394422).

On December 4, 2022, Inmate Thomas was charged with #132 Intentional Flooding, for which he was found guilty and received seven (7) days of Disciplinary Housing reimposed from November 27, 2022 (Report #394800). On December 5, 2022, 2nd Lt. Spindle submitted a memo to Major Shobe that Inmate Thomas has been sentenced to 75 days of Disciplinary Housing with 27 days of DH time suspended, leaving a balance of 48 days of DH time to serve.

On December 11, 2022, Inmate Thomas had contraband in his possession and threatened to ingest several white pills if he remained on Restricted Issue Status. Inmate Thomas had torn the seam of his mattress so he could hide his pills. (Report #395086). On December 12, 2022, Inmate Thomas was found again in possession of contraband and threatened to harm himself with the cloth he had torn from the mattress. Inmate Thomas stated his brothered died, and he didn't have anything to live for. Behavioral Health was notified, and his mattress was replaced (Report #395122).

On December 14, 2022, Inmate Thomas had a medical emergency and was placed in the restraint chair. Inmate Thomas informed the post deputy that he had been cheeking his medication; he had approximately 5 or 6 pills. While talking to the post deputy, Inmate Thomas ingested the pills. Medical Personnel was called to the post; Inmate Thomas was assessed and cleared. Inmate Thomas was placed in the Restraint Chair to prevent further self-harm. Once in the Restraint Chair, Inmate Thomas stated, "Once I get off Restricted Issue, I will hang myself (Report # 395199)".

On December 18, 2022, Inmate Thomas was charged with #101 Refusing to Obey a Direct Order, #126

Attempting, Conspiring in or Aiding the Commission of a Class 1 Offense, #100 Habitual Offender, #121 Possession or Use of Contraband & #142 Making a False Statement he was found guilty of #101, #100 & #142 for which he received seven (7) days of DH with seven (7) days suspended for 30 days and seven (7) days of DH for #142.

On December 22, 2022, Inmate Thomas contacted the Classification section through SMART Communications, stating that he had a "very severe loss in my family." After submitting the original request, Inmate Thomas submitted four (4) additional requests in reference to the loss of his family member. It was learned through the requests that Inmate Thomas' fifteen (15) year-old brother had been killed in an automobile accident after being hit by a drunk driver. The request reference numbers are13911734, 13919361, 13946127, 13963715, and 13968697.

On January 04, 2023, MDS. Waple spoke with Inmate Thomas in reference to his claim. Inmate Thomas was admitted to MDS. Waple that his brother was not killed in an automobile accident, but instead, it was his fifteen (15) year old cousin identified as Michael Thomas. It was further learned through the conversation with Inmate Thomas that the automobile accident occurred in St. Louis, MO, and Michael Thomas, the son of Inmate Thomas's uncle, was identified as Emmanuel Thomas (brother of Jesse Thomas, Malachi's father). Furthermore, Inmate Thomas stated he had learned of the accident through his attorney. Inmate Thomas was then confronted with the fact that Carolyn Fralick, who had personally visited Inmate Thomas on 12/15/22, 12/22/22/, and 12/28/22, was not an attorney, only a mitigation specialist. When asked who had explicitly told him about the automobile accident, Inmate Thomas could not provide a clear and precise answer by stating that he was "sorta" told by his attorney.

Through further investigation, MDS. Waple identified multiple social media accounts associated with Inmate Thomas's family, including his uncle Emmanuel Thomas. It was learned that Emmanuel Thomas is the father of two girls and one boy, identified as Darrionta Thomas (23 years old). While viewing the social media accounts, no posts referencing an automobile accident were observed that had been posted by family members of Thomas. Finally, a query of fatal automobile accidents in the area of St. Louis, MO, was conducted using open-source databases. It was discovered that on 12/03/2022, an automobile accident claiming the lives of three teens occurred on I-55 outside of St. Louis, MO. However, Michael Thomas was not listed as one of the victims, and the details provided by Inmate Thomas were not comparable to the details of the fatal accident. Inmate Thomas was seen twice by the Chaplain to provide clergy services while coping with his loss.

On November 22, 2022, Inmate Thomas requested a Formal ICC Hearing with the goal of his phone privileges being restored in full. However, Inmate Thomas continues to demonstrate a disregard for the rules and regulations of the Adult Detention Center. Furthermore, it's concerning the lengths he's willing to go to when boundaries and restrictions are imposed.

According to Inmate Thomas's Location History in SIMS, Inmate Thomas was reassigned to a different cell on post 2, 15 X from January 5 to February 9, 2023. Inmate Thomas appears to be circumventing his housing assignments to be near his friends. Between January 7 – 12, Inmate Thomas flooded his cell 4x to be moved to another cell. Inmate Thomas would either flood his cell or attempt to harm himself, Reports # (398109, 398179,398214, & 398258).

On January 12, 2023, Inmate Thomas was charged with #123 Destroying or Defacing State or County Property & #125 Self-Mutilation. Inmate Thomas peeled off hard chips of paint from the wall to cut himself, stating that he wanted to move to the cell close to Inmate Nasser (2097817). Inmate Thomas was found guilty of #123 which he received 15 days of Disciplinary Housing with five (5) days suspended for 30 days. (Report # 398270).

On January 15, 2023, Inmate Thomas was moved to another cell, stating that the inmates around him were

**Recommendations:**

Inmate Thomas will remain in **Administrative Housing with One Deputy escort**. He will not be permitted to attend programs or the gym. Should Inmate Thomas require chaplain services or the law library, he will need to contact the Program's Section. His file will be reviewed weekly, and he may request a review of his ICC sanctions in 30 days. Inmate Thomas will have the following phone restrictions:

1) Inmate Thomas will NOT contact his alleged victim(s) directly or indirectly.
2) Inmate Thomas will NOT abuse the phone privileges or circumvent the use of PIN numbers.

| ICC Members: | 1st Lt. Withrow<br>Classification | 2nd Lt. Blaine<br>Confinement | Ms. J. Jefferson<br>Behavioral Health |
|---|---|---|---|

After reviewing your case, I: _✓_ Concur with the ICC's recommendation.
_____ Non-concur with the ICC's recommendation and order the following action: ________________________________________

Cpt. T.M.Roberts/10657
Captain T. Roberts
Chief, Classification and Records Branch

I was provided a copy of this notification and informed of my right to appeal.

___________________________ ___________________________
Signature of Inmate Signature of Witness
DATE/TIME served: ______________

A copy of this disposition was forwarded to The Commander of Confinement on _______________.

affecting his mental health. Inmate Thomas was seen and cleared by Behavioral Health (Report #398360). On January 20, 2023, Inmate Thomas was moved to another cell due to dried blood on his cell door. Inmate Thomas was seen and cleared by Medical and Behavioral Health (Report #398597).

On February 07, 2023, Inmate Thomas was charged with #101 Refusing to Obey a Direct Order. Inmate Thomas was having Inmates make phone calls on his behalf, violating his ICC restriction from his hearing on January 6, 2023. Inmate Thomas intentionally circumvented the ICC restrictions to make phone calls. Inmate Thomas was found guilty of the charge and sentenced to 15 days with five (5) days suspended (Report # 401310).

On January 26, 2023, Inmate Thomas submitted a review of his ICC restrictions via SMART Communications, requesting that his restrictions be downgraded. After careful consideration and a comprehensive review of Inmate Thomas' jail adjustment, the ICC has made the following recommendations.

On March 02, 2023, Inmate Thomas entered a Behavior Contract with Behavioral Health Staff. The contract is designed to increase the structure and monitoring of behavioral goals for Inmate Thomas to remain safe and successful while in the Adult Detention Center. As a result of the Behavior Contract, Inmate Thomas was removed from Restricted Issue, moved to a new housing assignment, and given modified privileges. As a result of Inmate Thomas's behavior, the contract was terminated approximately in April/May 2023 per Behavioral Health Supervisor Katelyn Kukla.

On May 15, 2023, Inmate Thomas was transferred to another jail and recommitted to the ADC on October 16, 2023, to which his security restrictions were reimposed. Inmate Thomas was assigned to **Administrative Housing with security restriction of One Deputy Escort and modified phone usage,** pending a Formal ICC Hearing. The privileges of recreation and program attendance remained suspended. November 28, 2023, Classification received an email from an SIU (Sheriff's Intelligence Unit) Investigator stating that Inmate Thomas violated his telephone restrictions by contacting Fairfax County Circuit Court identifying himself as another inmate.

In December of 2023 information was received from the Fairfax County Police, Homicide Unit and the Commonwealth Attorney's Office that Inmate Thomas sent a handwritten letter to the witness of the crime.

Previous Observation logs indicate Inmate Thomas has been caught passing unauthorized items to other inmates housed on A-Floor while he was there. In addition to this, on January 14, 2024, he refused to give up his food tray and demanded access to the phone. He is currently trying to circumvent the policy and procedures set forth in the inmate handbook by inundating Records with request forms that do not have a clear request. These request forms appear to be an attempt to get a negative response from staff.

On April 27, 2024 Inmate Thomas was charged with 101 Refusing to Obey a Direct Order
210 Interfering with an Employee in the Performance of His or Her Duties after he did not take his prescribed medication when it was given to him by the nurse. He then refused to return the medication and held it demanding a Sergeant speak with him.

Despite the above incident of negative behavior, Inmate Malachi has not abused his current phone restrictions in five months.

After careful consideration and a comprehensive review of Inmate Thomas's jail adjustment, the ICC has made the following recommendations.

# Fairfax County Sheriff's Office
# Fairfax, VA

Copy

# Incident Report

## Incident ID: 453428

**Inmate(s):** Thomas, Malachi Morgan (2100319)

| **Date:** 08/30/2024 | **Time:** 10:15 AM | **Location:** Post 2 | **Shift Supervisor:** 1st Lt Claveloux |
|---|---|---|---|
| **Incident Type:** Pending Charges | | | |

**Charge(s):**
142 Making a False Statement
123 Destruction of or Defacing State or County Property
100 Habitual Offender

**Narrative:**

On 08/30/2024 at approximately 1015 hrs., Inmate Thomas, Malachi Morgan 2100319 was placed inside the showers on post 2. Inmate Thomas was given 30 minutes to shower, while he was showering, I conducted a cell search in R_02 where he was housed. During the search I found multiple items inside of the cell which consisted of, 9 small plastics (use for cookies during lunch) 4 milks, rolled up sandwich paper wrap, and black string I found under the mattress. Then I inspected the mattress inside the cell, this is when I noticed that Inmate Thomas mattress had a hole on the top left side. Due to this I removed the mattress for R_02 to further inspect it. Once I found that there was no contraband inside the mattress and the cell, I had Inmate Thomas return to R_02.

Before having Thomas enter the cell, I asked him why there was a hole in the mattress. He stated that he did not put the hole in the mattress, and that it was there when he got the mattress. I then explained to him that before he moved into R_02 on 08/06/2024, I was the one who put the mattress inside the R_02 cell. I explained to him that I physically and visually inspected the mattress before placing it inside R_02. This is when Inmate Thomas stated that, "I did place the hole on the mattress due to it hurting my back because of the air inside of it". Inmate Thomas has been charged previously with destruction of ADC property, specifically tearing a hole in a mattress.

Due to this I will be charging Inmate Thomas with (142 Making a False Statement, 123 Destruction of or Defacing State or County Property and 100 Habitual Offender)
Sgt. Ross was notified of charges

**Supervisor's Comments:**

**Deputy/EIN:** K. D. Smith Jr / 0986

**Supervisor/EIN:** Sgt. Ross/493

# Special Housing Observation Log

ADC

Name: THOMAS, MALACHI Number 2100319 Location ~~RE~~ RZ

Initial Reason and Authorization ~~[illegible] ADSEG~~ A/H

Security Risk Notes/Restrictions ~~N/A~~

| Date | | R/I | Assaultive |
|---|---|---|---|
| 8/5 | BH - calm + cooperative, denies risk, pending R/I - SA | Y | |
| 8/8 | Psych - calm, cooperative, good eye cont, communicative ØSI HI CR | | |
| 8/9 | BH - calm + cooperative, denies risk - SA | ~~N~~ Y | N |
| 8/12/13 | REFUSED MEDS MONDAY/TUESDAY during EVE | ~~N~~ Y | N |
| 8/13 | BH - calm + cooperative, denies risk - SA | ~~N~~ Y | N |
| 8/16 | BH - calm + cooperative, denies risk - SA | Y | N |
| ~~8/18~~ | ~~[illegible]~~ | | |
| 8/19 | I/m stated that he is going on a hunger Strike. Refused Dinner @ 877 | | |
| 8/24 | Given opportunity to shower, once we got to the shower he refused to use the shower with the lock. Returned back to his cell. | | |
| 8/26 | BH - Calm + cooperative, denies risk - SA | Y | N |
| 9/3 | BH - calm + cooperative, denies risk - SA | Y | N |
| 9-11-24 | Signed appeal paper work DH time stopped | | |

ADC Observation Log part A Page ____ of ____

US-00025381

R2

Name: Malachi Thomas Number 210031 9 Location R02

| Date | | R/I | Assaultive |
|---|---|---|---|
| 9/13 | BH - calm + cooperative, denies risk - SA | | |
| 9/19 | BH - calm + cooperative, denies risk - SA | | |
| 9/23 | I/m used kiosk to send personal messages (Wilkinson 943) | | |
| 9/24 | I/m moved to R-26 to house ~~Female~~ Juvenile offender (Wilkinson 943) | | |
| 9/24 | BH - calm, cooperative, denies risk - SA | | |
| 9/27/24 | D/A ends for I/M - per SIMS restrictions of the following ended for the I/M on 9/24/24: end - assaultive; end - R/I SUI; end - 1 dep escort (686) | | |

ATTACT 0312 10/04/24 moved to DOC transport.

ADC Observation Log part A

Page ____ of ____